Return Date: July 23, 2015, at 1:30pm

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

DOREEN HOFFMAN,　　　　　　　　　　　　Case No. 8-18-72852-reg
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　　　　　　　　　　　Debtor(s)
------------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed application of

Doreen Hoffman, Debtor-in-Possession_____, a hearing will be held before the Hon.

__**Robert E. Grossman**_____, Bankruptcy Judge, to consider the motion for an Order

granting relief as follows:

Motion to Employ Bankruptcy Counsel, John P. Fazzio Esq., Fazzio Law, as counsel to the Debtor-in-Possession.

_____

_____

_____

_____


　　　　　　　　　　　　　　　Date and time of hearing: July 23, 2018, 1:30pm
　　　　　　　　　　　　　　　**Location: U.S. Bankruptcy Court**
　　　　　　　　　　　　　　　**290 Federal Plaza**
　　　　　　　　　　　　　　　**Central Islip, New York 11790**
　　　　　　　　　　　　　　　**Courtroom #  860   ,  _____ Floor**

Dated: June 20, 2018　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　Print name: John P. Fazzio, Esq.
　　　　　　　　　　　　　　　Address: 26 Broadway, 21st Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10004
　　　　　　　　　　　　　　　Phone: 201-529-8024
　　　　　　　　　　　　　　　Email: jfazzio@fazziolaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOREEN HOFFMAN,

Case No. 8-18-72852-reg
Chapter 11

Debtor(s)
-----------------------------------------------------------x

## APPLICATION IN SUPPORT OF MOTION

**TO THE HON.** <u>Robert E. Grossman</u>, **Bankruptcy Judge**

I, <u>Doreen Hoffman, Debtor-in-Possession</u>, _____, make this application in support of my motion for the following relief:

To Employ Bankruptcy Counsel, John P. Fazzio Esq., Fazzio Law, as counsel to the Debtor.

In support of this motion, I hereby allege as follows:

John P. Fazzio Esq. is admitted to the Bar in New York and is an experienced litigator with some experience in bankruptcy law in the Federal Bankruptcy Courts in both New York and New Jersey. Mr. Fazzio will be assisted where necessary by co-counsel Thaddeus R. Maciag, Esq., who is highly experienced in Chapter 11 Reorganization (Mr. Maciag has represented clients in more than 120 Chapter 11 cases, and has served as Lead Attorney to the Debtor-in-Possession in more than 95 Chapter 11 Reorganization cases.

Per my agreement with Mr. Maciag and Mr. Fazzio, that they will not be duplicating work on this case, nor will they be billing me for inter-attorney discussions between them.

Wherefore, Applicant prays for an Order granting the relief requested.

Dated: 6/20/2018

_(Signature)_

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br><br>*Proposed Co-Counsel to the Debtor-in-Possession* | |
| In re:<br><br>    DOREEN HOFFMAN,<br><br>                    Debtor-in-Possession. | Case No.: 8-18-72852-reg<br><br>Chapter 11<br><br>Judge: Hon. Robert E. Grossman |

# APPLICATION FOR ENTRY OF
# AN ORDER AUTHORIZING THE RETENTION
# OF FAZZIO LAW AS COUNSEL TO THE DEBTOR

The application of DOREEN HOFFMAN (the "Applicant"), being the above-referenced Debtor-in-Possession ("Debtor"), applying by and through John P. Fazzio, Esq. of FAZZIO LAW (the "Firm"), for entry of an order authorizing the retention of Fazzio Law as local New York counsel to the Debtor, respectfully represents:

## I. INTRODUCTION

1. This Application (the "application") is filed seeking authorization to retain and employ Bankruptcy Counsel in the instant Chapter 11 Reorganization case.

2. On April 26, 2018 (the "Petition Date"), the Debtor filed a petition seeking an Order for relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

3. Since the Petition Date, the Debtor has continued in the management of her property as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No

official committee of unsecured creditors or other statutory committee and no trustee has been appointed in this case.

## II. APPLICATION, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

4. By this application the Debtor seeks to employ applicant John P. Fazzio, Esq. and the law firm Fazzio Law.

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this District is proper pursuant to 28 U.S.C. Section 1408.

6. The statutory predicates for the relief sought herein are Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## III. THE NEED FOR COUNSEL

7. The Debtor requires the services of the Firm, inter alia, to: (I) assist in the administration of his Chapter 11 proceeding, the preparation of operating reports and complying with applicable law and rules, (ii) set a bar date, review claims and resolve claims which should be disallowed; (iii) address issues relating to the gathering of the estate's assets and their sale, and (iv) assist in reorganizing and confirming a Chapter 11 plan.

8. The Firm will make proper Applications for Compensation, with full disclosure. (Prior to the filing, the Firm received no retainer from the Debtor, since the bulk of the work on this case will be done by our proposed co-counsel Maciag Law LLC, who did receive a retainer, as detailed in the Application and Affirmation filed in this case in support of the Debtor's Motion to Employ Maciag Law LLC as Chapter 11 counsel to the Debtor). Any funds were owed to Fazzio Law upon our retention to file Chapter 11 are waived.

9. The Firm intends to bill the Debtor at our standard hourly rates, presently $375 for John P. Fazzio Esq.; $325 for other Attorneys in the firm; $225 for our Managing Paralegal, and $125 for other Paralegals, provided that any administrative or clerical work (i.e. copying, preparing mailings, etc.) undertaken by the paralegal staff will be billed out at an hourly rate of only $55.

10. The Debtor has selected the Firm for the reason that it is experienced in litigation and in bankruptcy law, and can ably serve as local New York counsel, as assisted by proposed co-counsel Thaddeus R. Maciag Esq. of the firm Maciag Law LLC; Mr. Maciag is very experienced in Chapter 11 Reorganization law, having served as Lead Attorney to the Debtor-in-Possession in more than 95 Chapter 11 Reorganization cases over the past 27 years and will act as our co-counsel as needed. It is accordingly submitted that the Firm is qualified to represent the Debtor in this proceeding.

11. The Firm does not represent any interest adverse to the interest of the Debtor or his estate in the retention upon which it is to be engaged, other than having represented the Debtor in some prior legal matters; any sums due re same are waived. The Firm has no relationship with the Office of the United States Trustee or any of its staff.

12. No agreement or understanding exists between The Firm and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall The Firm share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code . Local New York counsel Fazzio Law would be separately compensated for the professional time they spend on the case; our agreement with the Debtor is that Fazzio Law and Maciag Law will not bill for duplicate work, nor will we bill for inter-attorney communications.

## IV. THE FIRM IS DISINTERESTED

13. Bankruptcy Code Section 327(a) provides in relevant part that a debtor, "with the court's approval, may employ one or more attorneys, accountants, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ."

14. A "disinterested person," as the term is defined in Bankruptcy Code Section 101(14) means a person that:

> Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . ., or for any other reason .

15. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure sets forth the requirements for any professional that seeks to be employed pursuant to Section 327(a). Rule 2014(a) provides as follows:

> (a) Application for an order of employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to 327. . . shall be made only on application of the trustee or committee. The application shall be filed and . . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or

any person employed in the office of the United States trustee.

16. The Firm respectfully submits that the Firm is disinterested. It has no interest adverse to the Debtor or any other party in interest.

17. Moreover, the Firm has made the requisite showing required by the Bankruptcy Rule 2014(a). See Affirmation of John P. Fazzio Esq., as filed herewith.

18. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that the requirement of filing a memorandum of law be waived.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the order, in the form annexed hereto, authorizing the Firm to act as Debtor's counsel nunc pro tunc as of the April 26, 2018 Petition Date, with compensation for such legal services to be paid upon application to this Court, and for such other and further relief as is proper and just.

Respectfully submitted,

FAZZIO LAW

/s/ John P. Fazzio
John P. Fazzio, Esq.
Proposed Counsel to the Debtor
FAZZIO LAW
26 Broadway, 21st Floor
New York, N.Y. 10004
(201) 529-08024

Date: June 20, 2018

| UNITED STATES BANKRUPTCY COURT |
| EASTERN DISTRICT OF NEW YORK |

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800

*Proposed Counsel to the Debtor-in-Possession*

In re:

    DOREEN HOFFMAN,
              Debtor-in-Possession.

Case No.: 8-18-72852-reg

Chapter 11

Judge: Hon. Robert E. Grossman

## AFFIRMATION OF JOHN P. FAZZIO, ESQ.
## IN SUPPORT OF APPLICATION FOR ENTRY OF
## AN ORDER AUTHORIZING THE RETENTION
## OF FAZZIO LAW AS COUNSEL FOR THE DEBTOR

    John P. Fazzio, Esq., of full age, an attorney at law who has a pending application to appear pro hac vice in this court, affirms the following under penalty of perjury:

1. I am an attorney at law, and I am the principal of the law firm Fazzio Law (the "Firm").

2. The Firm maintains its New York office for the practice of law at 26 Broadway, 21st Floor, New York, NY 10004, and its primary office for the practice of law at 164 Franklin Turnpike, Suite 4, Mahwah, NJ 07430.

3. The Firm is a disinterested person, as that term is defined in 11 U.S.C. § 101(14) of the Bankruptcy Code, in that it:

    a. is not a creditor, equity security holder, or insider of the debtor:

    b. is not, was not within two years before the date of the filing of the petition (and has never at any time been) a director, officer or employee of the debtor; and

c.  does not have any interest materially adverse to the interest of the estate, of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason; the Firm previously represented the Debtor in legal matters; any fees due as of the filing of this case are waived; and

d.  does not have any connection with the United States Trustee, or any person employed in the Office of the United States Trustee.

4. The undersigned is experienced in litigation and has some experience in bankruptcy law and litigation; we will be ably assisted in this case by our proposed co-counsel Thaddeus R. Maciag Esq. of Maciag Law LLC, who has served as Lead Attorney for the Debtor-in-Possession in more than 95 Chapter 11 cases over the past 27 years and who has filed a separate Application for Retention; I am the attorney who will bear primary responsibility for the representation of the Debtor in issues or appearances handled by Fazzio Law; Fazzio Law and any associates, paralegals or legal assistants, are individuals who also fulfill the description in the following paragraphs.

5. No agreement or understanding exists between Firm and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Firm share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code. Local New York counsel Fazzio Law would be separately compensated for the professional time they spend on the case; our agreement with the Debtor is that Fazzio Law and Maciag Law will not bill for duplicate work, nor will we bill for inter-attorney communications.

6. To the best of the undersigned's knowledge, the Firm does not have any interests that are

adverse or could otherwise present a conflict between Firm or its attorneys, and the Debtor. In addition, the undersigned has reviewed the current list of creditors and believes that no conflicts exist between Firm or its attorneys, the Debtor's creditors and the estate, other than that we previously represented the Debtor in other legal matters prior to this case being filed.

7. John P. Fazzio, Esq. has met with the Debtor on several occasions, both in-person and in telephone conference calls, to discuss workout options, loan modifications and the possibility of filing a Chapter 11 Reorganization petition.

8. The Firm will make proper Applications for Compensation, with full disclosure. Prior to the filing of the instant case, the Firm received no Chapter 11 retainer from the Debtor, since the bulk of the work on this case will be done by our proposed co-counsel Maciag Law LLC, who did receive a retainer as detailed in the Application and Affirmation filed in this case in support of the Debtor's Motion to Employ Maciag Law LLC as Chapter 11 counsel to the Debtor). Any funds owed to The Firm for prior work upon the filing of the instant Chapter 11 case are waived. The Firm will maintain time records of services rendered in connection with the case. The Firm will also file the appropriate fee applications on an ongoing basis in accordance with the local rules so that Court can review said applications for interim and final compensation.

9. The Firm is willing to be retained by the Debtor as counsel and will bill at at our standard hourly rates, presently $375 for John P. Fazzio Esq.; $325 for other Attorneys in the firm; $225 for our Managing Paralegal, and $125 for other Paralegals, provided that any administrative or clerical work (i.e. copying, preparing mailings, etc.) undertaken by the paralegal staff will be billed out at an hourly rate of only $55. In the event said rates increase and this case is still pending at that date, the Firm will notify the Debtor, the

Office of the U.S. Trustee and the Court of any increased rates, in accordance with the administrative guidelines. In addition, the Firm intends to seek reimbursement of certain expenses it will incur, which will be included in the fee applications to be filed in this case.

10. The Debtor has selected the Firm for the reason that it is experienced in litigation and in bankruptcy law, and can ably serve as local New York counsel, as assisted by proposed co-counsel Thaddeus R. Maciag Esq. of the firm Maciag Law LLC; Mr. Maciag is very experienced in Chapter 11 Reorganization law, having served as Lead Attorney to the Debtor-in-Possession in more than 95 Chapter 11 Reorganization cases over the past 27 years and will act as our co-counsel as needed. It is accordingly submitted that the Firm is qualified to represent the Debtor in this proceeding. It is accordingly submitted that the Firm is qualified to represent the Debtor in this proceeding. believes that Firm is competent to represent the interests of the Debtor on whose behalf representation is now sought in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

Respectfully submitted,

FAZZIO LAW

/s/ John P. Fazzio
John P. Fazzio, Esq.
Proposed Counsel to the Debtor
FAZZIO LAW
26 Broadway, 21st Floor
New York, N.Y. 10004
(201) 529-08024

Date: June 20, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    DOREEN HOFFMAN,                       Case No. 8-18-72852-reg
                                                                                             Chapter 11

                                       Debtor(s)
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned certifies that on  JUNE 21, 2018 , a copy of the annexed Motion was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon *[below specify the name and mailing address of each party served]*:

Dated: June 20, 2018                                       _[signature]_
                                                                         Signature

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>Doreen Hoffman<br><br>Debtor(s) | Chapter 11<br><br>Bankruptcy Case: 18--72852 |

## AFFIDAVIT OF SERVICE

    I, John P. Fazzio III, hereby affirm, under the penalty of perjury, that a true and correct copy of the within Rule 1007 Affidavit, Notice of Motion to Admit Counsel Pro Hac Vice with Affidavit and Proposed Order, Notice of Motion Employ Bankruptcy Counsel Thaddeus R. Maciag as Co-Counsel with Application, Affirmation, and Proposed Form of Order, together with this Certificate, was sent by first class, postage prepaid mail on the Creditor Counsel and the Trustee and all other required parties in accordance with the Rules of Bankruptcy Procedure on the date set forth below.

| | |
|---|---|
| Henry Weinstein<br>37 Maple Avenue<br>Cedarhurst, NY 11516 | via ECF and First Class Mail |
| New City Funding Corp.<br>PO Box 121<br>Stony Point, NY 10980 | via ECF and First Class Mail |
| Rushmore Loan Management<br>PO Box 52708<br>Irvine, CA 92619 | via ECF and First Class Mail |
| Suffolk County Water<br>2045 Route 1112, Suite 5<br>Coram, NY 11727 | via ECF and First Class Mail |
| US Bank NA as Legal Title Trustee<br>200 Business Park Drive<br>Armonk, NY 10504 | via ECF and First Class Mail |
| U.S. Internal Revenue Service<br>PO Box 804527<br>Cincinnati, OH 45280-4527 | via ECF and First Class Mail |
| AMCMA<br>4 Westchester Plaza, Suite 110<br>Elmsford, NY 10523 | via ECF and First Class Mail |
| American Medical Collection<br>4 Westchester Plaza | via ECF and First Class Mail |

Elmsford, NY 10523

Credit Collections Services    via ECF and First Class Mail
725 Canton Street
Norwood, MA 02062

Credit One Bank    via ECF and First Class Mail
PO Box 60500
City of Industry, CA 91715

Excluder Security Systems    via ECF and First Class Mail
PO Box 1286
Massapequa, NY 11758

Fazzio Law Offices    via ECF and First Class Mail
164 Franklin Turnpike
Mahwah, NJ 07430

Joyce Ciccone    via ECF and First Class Mail
9337 Santa Monica Way
New Port Richey, FL 34655

Lennox Hill Hospital    via ECF and First Class Mail
co-Automated Financial
4505 Veterans Mem. Hwy, Ste H
Lake Ronkonkoma, NY 11779

LI Anesthesiologist    via ECF and First Class Mail
3 Boyle Road
Selden, NY 11784

Linda Cerami    via ECF and First Class Mail
107 Laurel Street
Patchogue, NY 11772

Mullen & Iannarone PC    via ECF and First Class Mail
300 East Main Street
Smithtown, NY 11787

NY State Dept. of Taxation    via ECF and First Class Mail
NYS Assessment Receivables
PO Box 4127
Binghamton, NY 13902-4127

National Grid    via ECF and First Class Mail
PO Box 11791
Newark, NJ 07101

Optimum Cable Vision    via ECF and First Class Mail
1111 Stewart Ave.
Bethpage, NY 11714

PSEG-LI    via ECF and First Class Mail
PO Box 888
Hicksville, NY 11802

Quest Diagnostics  
PO Box 7308  
Hollister, MO 65673-7308

via ECF and First Class Mail

Stewart Brody DDS  
c-o Richard Sokoloff Esq.  
900 S. 2nd Street, Suite 1  
Ronkonkoma, NY 11779

via ECF and First Class Mail

Date: 06/21/2018     BY:     FAZZIO LAW OFFICES

/s/ John P. Fazzio III, Esquire  
Fazzio Law Offices  
164 Franklin Tpke  
Mahwah, NJ 07430  
Tel. 201-529-8024  
*Attorney for Debtor*