Return Date: July 23, 2018, at 1:30pm

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOREEN HOFFMAN,    Case No. 8-18-72852-reg
    Chapter 11

Debtor(s)
-----------------------------------------------------------x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed application of Doreen Hoffman, Debtor-in-Possession, a hearing will be held before the Hon. Robert E. Grossman, Bankruptcy Judge, to consider the motion for an Order granting relief as follows:

Motion to Employ Bankruptcy Counsel, Thaddeus R. Maciag, Esq., Maciag Law LLC, as co-counsel to the Debtor-in-Possession.

Date and time of hearing: July 23, 2018, 1:30pm
Location: U.S. Bankruptcy Court
290 Federal Plaza
Central Islip, New York 11790
Courtroom # 860, _____ Floor

Dated: June 21, 2018

Signature: [signed]

Print name: John P. Fazzio, Esq.
Address: 26 Broadway, 21st Floor
New York, NY 10004
Phone: 201-529-8024
Email: jfazzio@fazziolaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

    DOREEN HOFFMAN,                                         Case No. 8-18-72852-reg
                                                                           Chapter 11

                                  Debtor(s)
-----------------------------------------------------------------x

## APPLICATION IN SUPPORT OF MOTION

**TO THE HON.** _Robert E. Grossman_, **Bankruptcy Judge**

I, _Doreen Hoffman, Debtor-in-Possession_, _____, make this application in support of my motion for the following relief:

To Employ Bankruptcy Counsel, Thaddeus R. Maciag, Esq., Maciag Law LLC, as counsel to the Debtor

In support of this motion, I hereby allege as follows:

Thaddeus R. Maciag Esq. is admitted to the Bar in New Jersey and is an experienced litigator who is highly experienced in Chapter 11 Bankruptcy. Mr. Maciag has served as Lead Attorney to the Debtor-in-Possession in more than 95 Chapter 11 Reorganization cases. He has filed an application for Admission Pro Hac Vice in this Court; he will be assisted in this case by local New York counsel John P. Fazzio Esq. Per my agreement with Mr. Maciag and Mr. Fazzio, that they will not be duplicating work on this case, nor will they be billing me for inter-attorney discussions between them.

Wherefore, Applicant prays for an Order granting the relief requested.

Dated: 6/20/2018                                          _[Signature]_
                                                                Signature

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    DOREEN HOFFMAN,

                                 Debtor(s)
-----------------------------------------------------------x

Case No. 8-18-72852-reg
Chapter 11

## CERTIFICATE OF SERVICE

The undersigned certifies that on  JUNE 21, 2018 , a copy of the annexed Motion was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon *[below specify the name and mailing address of each party served]*:

Dated: June 20, 2018

_____
Signature

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br><br>Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br><br>*Proposed Co-Counsel to the Debtor-in-Possession*<br><br>In re:<br><br>    DOREEN HOFFMAN,<br>                Debtor-in-Possession. | Case No.: 8-18-72852-reg<br><br>Chapter 11<br><br>Judge: Hon. Robert E. Grossman |

## APPLICATION FOR ENTRY OF
## AN ORDER AUTHORIZING THE RETENTION
## OF MACIAG LAW, LLC AS COUNSEL TO THE DEBTOR

The application of DOREEN HOFFMAN (the "Applicant"), being the above-referenced Debtor-in-Possession ("Debtor"), applying by and through Thaddeus R. Maciag, Esq. of MACIAG LAW, LLC (the "Firm"), for entry of an order authorizing the retention of Maciag Law LLC as co-counsel to the Debtor, respectfully represents:

### I.  INTRODUCTION

1. This Application (the "application") is filed seeking authorization to retain and employ Bankruptcy Counsel in the instant Chapter 11 Reorganization case.

2. On April 26, 2018 (the "Petition Date"), the Debtor filed a petition seeking an Order for relief under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

3. Since the Petition Date, the Debtor has continued in the management of her property as Debtor-in-Possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No

official committee of unsecured creditors or other statutory committee and no trustee has been appointed in this case.

## II.    APPLICATION, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

4. By this application the Debtor seeks to employ applicant Thaddeus R. Maciag Esq. and the law firm Maciag Law LLC..

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this District is proper pursuant to 28 U.S.C. Section 1408.

6. The statutory predicates for the relief sought herein are Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## III.   THE NEED FOR COUNSEL

7. The Debtor requires the services of the Firm, inter alia, to: (I) assist in the administration of his Chapter 11 proceeding, the preparation of operating reports and complying with applicable law and rules, (ii) set a bar date, review claims and resolve claims which should be disallowed; (iii) address issues relating to the gathering of the estate's assets and their sale, and (iv) assist in reorganizing and confirming a Chapter 11 plan.

8. The Firm will make proper Applications for Compensation, with full disclosure. Prior to the filing, the Firm received total payments of $9500 from the Debtor, plus $1717 for the Filing Fee. $2500 was drawn down prior to the filing, in payment of bankruptcy petition preparation efforts, and $7000 remains in the Maciag Law LLC Attorney Trust Account, as against future Applications for Compensation to be filed in this case. No funds were

owed to The Firm upon our retention to file Chapter 11. The bulk of the pre-filing work was performed in April 2018, whereupon the Debtor reviewed and signed the petition, affidavit, list of assets and liabilities and other schedules. Payment was drawn down commensurate with the work that was performed. As of the filing, no amounts were due The Firm. In the opinion of the Firm, since the $2500 constituted "fees for bankruptcy preparation" and not for prior work, said payment would not be considered a preference item. *In re: Pillowtex, Inc., 304 F. 3d 246 (3rd Cir. 2002 ).*

9. The Firm intends to bill the Debtor at our standard rates, presently Thaddeus R. Maciag Esq. $475 per hour; and paralegal time $75 per hour.

10. The Debtor has selected the Firm for the reason that it is experienced in Chapter 11. Thaddeus R. Maciag was admitted to the bar in 1981, and is experienced in Chapter 11 Reorganization law, having served as Lead Attorney to the Debtor-in-Possession in more than 95 Chapter 11 bankruptcy cases over the past 27 years. It is accordingly submitted that the Firm is qualified to represent the Debtor in this proceeding.

11. The Firm does not represent any interest adverse to the interest of the Debtor or his estate in the retention upon which it is to be engaged. The Firm has no relationship with the Office of the United States Trustee or any of its staff.

12. No agreement or understanding exists between The Firm and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall The Firm share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code . Local New York counsel Fazzio Law would be separately compensated for the professional time they spend on the case; our agreement with the Debtor is that Fazzio Law and Maciag Law will not bill for duplicate work, nor will we bill for inter-attorney communications.

## IV. THE FIRM IS DISINTERESTED

13. Bankruptcy Code Section 327(a) provides in relevant part that a debtor, "with the court's approval, may employ one or more attorneys, accountants, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ." The Debtor in this case proposes to employ one or more attorneys, i.e., the Maciag Law firm (experienced Chapter 11 counsel) and our proposed co-counsel Fazzio Law (local New York counsel) who had previously represented the Debtor in other legal matters.

14. A "disinterested person," as the term is defined in Bankruptcy Code Section 101(14) means a person that:

> Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor . . . ., or for any other reason .

15. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure sets forth the requirements for any professional that seeks to be employed pursuant to Section 327(a). Rule 2014(a) provides as follows:

> (a) Application for an order of employment. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to 327. . . shall be made only on application of the trustee or committee. The application shall be filed and . . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The

      application shall be accompanied by a verified statement of the person to be employed setting forth the person's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

16. The Firm respectfully submits that the Firm is disinterested. It has no interest adverse to the Debtor or any other party in interest.

17. Moreover, the Firm has made the requisite showing required by the Bankruptcy Rule 2014(a). See Affirmation of Thaddeus R. Maciag Esq., as filed herewith.

18   Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that the requirement of filing a memorandum of law be waived.

**WHEREFORE**, the Debtor respectfully requests that this Court enter the order, in the form annexed hereto, authorizing the Firm to act as Debtor's counsel nunc pro tunc as of the April 26, 2018 Petition Date, with compensation for such legal services to be paid upon application to this Court, and for such other and further relief as is proper and just.

                              Respectfully submitted,

                              MACIAG LAW, LLC

                              /s/ Thaddeus R. Maciag
                              Thaddeus R. Maciag, Esq.
                              Proposed Counsel to the Debtor

                              MACIAG LAW, LLC
                              475 Wall Street
                              Princeton, New Jersey 08540
                              (908) 704-8800

Date: June 21, 2018

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK** | |
| Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey  08540<br>(908) 704-8800<br>*Proposed Counsel to the Debtor-in-Possession* | |
| In re:<br><br>　　　　DOREEN HOFFMAN,<br><br>　　　　　　　　　Debtor-in-Possession. | Case No.: 8-18-72852-reg<br><br>Chapter 11<br><br>Judge: Hon. Robert E. Grossman |

**ORDER**
**AUTHORIZING THE DEBTOR TO EMPLOY**
**MACIAG LAW, LLC AS COUNSEL FOR THE DEBTOR**

Upon the Application of Doreen Hoffman, the debtor and debtor-in-possession herein (the "Debtor"), requesting authorization to retain Maciag Law, LLC, to represent the Debtor herein, and further upon the Declaration of Thaddeus R. Maciag, Esq. as annexed to the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that Maciag Law LLC represents no interest adverse to the Debtor or its creditors herein, and that its employment is necessary and in the best interest of the estate, and after due deliberation and sufficient cause appearing therefore, it is

ORDERED, that the Application is granted as set forth herein, and it is further

ORDERED that, pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain Maciag Law LLC as attorneys in this case, nunc pro tunc to April 26, 2018; and it is further

ORDERED that the compensation and reimbursement of expenses of Maciag Law LLC shall be sought upon, and paid only upon an order granting, a proper application pursuant to §§330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

ORDERED that at least ten days before implementing any increase in the rates of Maciag Law LLC's professionals providing services in this case, Maciag Law LLC shall file and serve on the United States Trustee and any official committee a supplemental affidavit providing justification for any such rate increases and stating whether the Debtor has agreed to them. All parties in interest retain the right to object to any rate increase on any grounds; and it is further

ORDERED, that Maciag Law LLC shall apply any remaining amounts of its prepetition retainer, if any, as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to the Firm; and it is further.

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of this Order shall govern.

Dated: Central Islip, New York _____, 2018

_____
Hon. ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>Doreen Hoffman<br><br>Debtor(s) | Chapter 11<br><br>Bankruptcy Case: 18--72852 |

## AFFIDAVIT OF SERVICE

    I, John P. Fazzio III, hereby affirm, under the penalty of perjury, that a true and correct copy of the within Rule 1007 Affidavit, Notice of Motion to Admit Counsel Pro Hac Vice with Affidavit and Proposed Order, Notice of Motion Employ Bankruptcy Counsel Thaddeus R. Maciag as Co-Counsel with Application, Affirmation, and Proposed Form of Order, together with this Certificate, was sent by first class, postage prepaid mail on the Creditor Counsel and the Trustee and all other required parties in accordance with the Rules of Bankruptcy Procedure on the date set forth below.

Henry Weinstein                                                            via ECF and First Class Mail
37 Maple Avenue
Cedarhurst, NY 11516

New City Funding Corp.                                      via ECF and First Class Mail
PO Box 121
Stony Point, NY 10980

Rushmore Loan Management                       via ECF and First Class Mail
PO Box 52708
Irvine, CA 92619

Suffolk County Water                                         via ECF and First Class Mail
2045 Route 1112, Suite 5
Coram, NY 11727

US Bank NA as Legal Title Trustee             via ECF and First Class Mail
200 Business Park Drive
Armonk, NY 10504

U.S. Internal Revenue Service                           via ECF and First Class Mail
PO Box 804527
Cincinnati, OH 45280-4527

AMCMA                                                                via ECF and First Class Mail
4 Westchester Plaza, Suite 110
Elmsford, NY 10523

American Medical Collection                           via ECF and First Class Mail
4 Westchester Plaza

Elmsford, NY 10523

Credit Collections Services  
725 Canton Street  
Norwood, MA 02062  
*via ECF and First Class Mail*

Credit One Bank  
PO Box 60500  
City of Industry, CA 91715  
*via ECF and First Class Mail*

Excluder Security Systems  
PO Box 1286  
Massapequa, NY 11758  
*via ECF and First Class Mail*

Fazzio Law Offices  
164 Franklin Turnpike  
Mahwah, NJ 07430  
*via ECF and First Class Mail*

Joyce Ciccone  
9337 Santa Monica Way  
New Port Richey, FL 34655  
*via ECF and First Class Mail*

Lennox Hill Hospital  
co-Automated Financial  
4505 Veterans Mem. Hwy, Ste H  
Lake Ronkonkoma, NY 11779  
*via ECF and First Class Mail*

LI Anesthesiologist  
3 Boyle Road  
Selden, NY 11784  
*via ECF and First Class Mail*

Linda Cerami  
107 Laurel Street  
Patchogue, NY 11772  
*via ECF and First Class Mail*

Mullen & Iannarone PC  
300 East Main Street  
Smithtown, NY 11787  
*via ECF and First Class Mail*

NY State Dept. of Taxation  
NYS Assessment Receivables  
PO Box 4127  
Binghamton, NY 13902-4127  
*via ECF and First Class Mail*

National Grid  
PO Box 11791  
Newark, NJ 07101  
*via ECF and First Class Mail*

Optimum Cable Vision  
1111 Stewart Ave.  
Bethpage, NY 11714  
*via ECF and First Class Mail*

PSEG-LI  
PO Box 888  
Hicksville, NY 11802  
*via ECF and First Class Mail*

| | |
|---|---|
| Quest Diagnostics<br>PO Box 7308<br>Hollister, MO 65673-7308 | via ECF and First Class Mail |
| Stewart Brody DDS<br>c-o Richard Sokoloff Esq.<br>900 S. 2nd Street, Suite 1<br>Ronkonkoma, NY 11779 | via ECF and First Class Mail |

                                                                                         FAZZIO LAW OFFICES

Date: 06/21/2018                BY:   /s/ John P. Fazzio III, Esquire
                                                             Fazzio Law Offices
                                                             164 Franklin Tpke
                                                             Mahwah, NJ 07430
                                                             Tel. 201-529-8024
                                                             *Attorney for Debtor*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br><br>Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br><br>*Proposed Counsel to the Debtor-in-Possession* | |
| In re:<br><br>    DOREEN HOFFMAN,<br><br>               Debtor-in-Possession. | Case No.: 8-18-72852-reg<br><br>Chapter 11<br><br>Judge: Hon. Robert E. Grossman |

**AFFIRMATION OF THADDEUS R. MACIAG, ESQ.**
**IN SUPPORT OF APPLICATION FOR ENTRY OF**
**AN ORDER AUTHORIZING THE RETENTION**
**OF MACIAG LAW, LLC AS COUNSEL FOR THE DEBTOR**

Thaddeus R. Maciag, Esq., of full age, an attorney at law who has a pending application to appear pro hac vice in this court, affirms the following under penalty of perjury:

1. I am an attorney at law, and I am the principal of the law firm Maciag Law, LLC (the "Firm").

2. The Firm maintains its primary office for the practice of law at 475 Wall Street, Princeton, N.J. 08540.

3. The Firm is a disinterested person, as that term is defined in 11 U.S.C. § 101(14) of the Bankruptcy Code, in that it:

    a. is not a creditor, equity security holder, or insider of the debtor:

      b. is not, was not within two years before the date of the filing of the petition (and has never at any time been) a director, officer or employee of the debtor; and

      c. does not have any interest materially adverse to the interest of the estate, of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason; and

      d. does not have any connection with the United States Trustee, or any person employed in the Office of the United States Trustee.

4. The undersigned is experienced in Chapter 11 Reorganization, having served as Lead Attorney for the Debtor-in-Possession in more than 95 Chapter 11 cases over the past 27 years; I am the attorney who will bear primary responsibility for the representation of the Debtor herein; the Firm and any associates, paralegals or legal assistants, are individuals who also fulfill the description in the following paragraphs.

5. No agreement or understanding exists between Firm and any other person, other than as permitted by Section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this/these case(s), nor shall Firm share or agree to share compensation received for services rendered in connection with this case with any other person other than as permitted by Section 504 of the Bankruptcy Code. Local New York counsel Fazzio Law would be separately compensated for the professional time they spend on the case; our agreement with the Debtor is that Fazzio Law and Maciag Law will not bill for duplicate work, nor will be will for inter-attorney communications.

6. To the best of the undersigned's knowledge, the Firm does not have any interests that are

adverse or could otherwise present a conflict between Firm or its attorneys, and the Debtor. In addition, the undersigned has reviewed the current list of creditors and believes that no conflicts exist between Firm or its attorneys, the Debtor's creditors and the estate, other than that our proposed co-counsel Fazzio Law previously represented the Debtor in other legal matters prior to this case being filed.

7. Thaddeus R. Maciag, Esq. conferred with the Debtor on several occasions, to discuss workout options, loan modifications and the possibility of filing a Chapter 11 Reorganization petition.

8. The Firm will make proper Applications for Compensation, with full disclosure. Prior to the filing, the Maciag Law Firm received total payments total payments of $9500 from the Debtor, plus $1717 for the Filing Fee. Of that sum, $2500 was drawn down prior to the filing, in payment of bankruptcy petition preparation efforts, and $7000 remains in the Maciag Law LLC Attorney Trust Account, as against future Applications for Compensation to be filed in this case. No funds were owed to The Firm upon our retention to file Chapter 11. The bulk of the pre-filing work was performed in April 2018, whereupon the Debtor reviewed and signed the petition, affidavit, list of assets and liabilities and other schedules. Payment was drawn down commensurate with the work that was performed. As of the filing, no amounts were due The Firm. In the opinion of the Firm, since the $2500 constituted "fees for bankruptcy preparation" and not for prior work, said payment would not be considered a preference item. *In re: Pillowtex, Inc., 304 F. 3d 246 (3rd Cir. 2002)*.

9. Disclosure of Compensation per 11 U.S.C. §329(a) and Fed.R.Bank.P. 2016(b): A

standard form Disclosure of Attorney Compensation for Maciag Law LLC was prepared and signed on April 26, 2018 at the time of filing of the Petition. However, due to a technical ECF-filing glitch on that date, our proposed co-counsel Fazzio Law was unable to successfully ECF-file the Petition and Schedules, but instead hand-filed the Petition at the Courthouse in light of the upcoming foreclosure sale the following morning. In the course of that rushed filing, apparently the Disclosure of Attorney Compensation, which had been prepared for inclusion in the ECF-filing package, did not get included in the hand-filed package. That oversight was thereafter corrected and that standard disclosure form, as originally prepared on April 26, 2018 with the Petition, has since been duly ECF-filed on the Pacer docket.

10. As of the date of the Petition Debtor did not owe The Firm any funds. The Firm will maintain time records of services rendered in connection with the case. The Firm will also file the appropriate fee applications on an ongoing basis in accordance with the local rules so that Court can review said applications for interim and final compensation.

11. The Firm is willing to be retained by the Debtor as counsel and will bill at our regular hourly rates of $475 for Thaddeus R. Maciag, Esq. (admitted 1981); and $75 for paralegals or legal assistants. In the event said rates increase and this case is still pending at that date, the Firm will notify the Debtor, the Office of the U.S. Trustee and the Court of any increased rates, in accordance with the administrative guidelines. In addition, Firm intends to seek reimbursement of certain expenses it will incur, which will be included in the fee applications to be filed in this case.

12. The Debtor has selected the Firm for the reason that it is experienced in Chapter 11.

Thaddeus R. Maciag was admitted to the bar in 1981, and is experienced in Chapter 11 Reorganization law, including Mr. Maciag having personally served as Lead Attorney to the Debtor-in-Possession in more than 95 Chapter 11 Reorganization cases over the past 27 years, and Mr. Maciag having represented clients in more than 120 Chapter 11 cases.

13. For the above reasons, it is respectfully submitted that the Firm is qualified to represent the Debtor in this proceeding, and is competent to represent the interests of the Debtor on whose behalf representation is now sought in all proceedings now pending or which may reasonably be expected to be pending in this Court in the foreseeable future.

                  Respectfully submitted,

                  MACIAG LAW, LLC

                  /s/ Thaddeus R. Maciag
                  Thaddeus R. Maciag, Esq.
                  Proposed Counsel to the Debtor
                  MACIAG LAW, LLC
                  475 Wall Street
                  Princeton, New Jersey 08540
                  (908) 704-8800

Date: June 21, 2018