Return Date: July 23, 2018, at 1:30pm

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

DOREEN HOFFMAN,

Case No. 8-18-72852-reg
Chapter 11

Debtor(s)
--------------------------------------------------------x

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that upon the annexed application of John P. Fazzio, Esq., Attorney for the Debtor, a hearing will be held before the Hon. **Robert E. Grossman**, Bankruptcy Judge, to consider the motion for an Order granting relief as follows:

MOTION FOR ENTRY OF AN ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

**Date and time of hearing:** **July 23, 2018, 1:30pm**
**Location: U.S. Bankruptcy Court**
**290 Federal Plaza**
**Central Islip, New York 11790**
**Courtroom # 860 , ______ Floor**

Dated: June 22, 2018

Signature

Print name: John P. Fazzio, Esq.
Address: 26 Broadway, 21st Floor
New York, NY 10004
Phone: 201-529-8024
Email: jfazzio@fazziolaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

DOREEN HOFFMAN,

Case No. 8-18-72852-reg
Chapter 11

Debtor(s)
-------------------------------------------------------x

**APPLICATION IN SUPPORT OF MOTION**

**TO THE HON. Robert E. Grossman, Bankruptcy Judge**

**I,** John P. Fazzio, Esq., Attorney for the Debtor, ______________, make this application in support of my motion for the following relief:

Motion for Entry of an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice thereof

In support of this motion, I hereby allege as follows:

In accord with this Court's Bar Date Order Guidelines, I respectfully ask that this Court enter the proposed form of Bar Date Order and form of Bar Date Notice submitted herewith.

Wherefore, Applicant prays for an Order granting the relief requested.

Dated: 6/20/2018

Signature

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOREEN HOFFMAN,

Case No. 8-18-72852-reg
Chapter 11

Debtor(s)
-----------------------------------------------------------x

**CERTIFICATE OF SERVICE**

The undersigned certifies that on JUNE 22, 2018, a copy of the annexed Motion was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon ***[below specify the name and mailing address of each party served]***:

United States Trustee
attn: Alfred Dimino, Esq.
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

Henry Weinstein
37 Maple Ave.
Cedarhurst NY 11516-0000

New City Funding Corp.
PO Box 121
Stony Point NY 10980-0000

[. . . . continued on next page]

Dated: June 22, 2018

Signature

Rushmore Loan Management
PO Box 52708
Irvine CA 92619-0000

Suffolk County Water
2045 Route 1112, Suite 5
Coram NY 11727-0000

USBank NA as LegalTitleTrustee
200 Business Park Drive
Armonk NY 10504-0000

Doreen Hoffman
Debtor-in-Possession
163 Roe Avenue
Patchogue, NY 11772

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey 08540
(908) 704-8800

*Proposed Counsel to the Debtor-in-Possession*

| In re: DOREEN HOFFMAN, Debtor-in-Possession. | Case No.: 8-18-72852-reg<br>Chapter 11<br>Judge: Hon. Robert E. Grossman |
|---|---|

**ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the application of the above-captioned Debtor and Debtor-in-Possession (the "Debtor"), for an order, pursuant to Federal Rule of Bankruptcy Procedure (" **Bankruptcy Rule**") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefore, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of 11 U.S.C. §§101 *et seq.*

(the "**Bankruptcy Code**"), against the Debtors which arose on or prior to the filing of the Chapter 11 petitions on April 26, 2018 (the "Filing Date"), shall file a proof of such claim in writing so that it is received on or before August 24, 2018; (the " **Bar Date**") and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before October 23, 2018 (the date that is 180 days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 10;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (" **CM/ECF**") system. Those without accounts with the CM/ECF system shall file their proofs of by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722;

(c) Proofs of claim will be deemed filed only when received by the Clerk of the Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 10;

(b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "**Schedules**"), if (i) the claim is not scheduled as "disputed", "contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any claim that heretofore has been allowed in this case by Order of this Court;

(d) Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e) Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such

date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interests, but if such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim shall be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall have 30 days from the date of such notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

(a) the United States Trustee;

(b) counsel to each official committee;

(c) all persons or entities that have requested notice of the proceedings in this case;

(d) all persons or entities that have filed claims in this case;

(e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtor;

(g) All parties to litigation with the Debtor;

(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated:_____________, New York
___________________, 2018

______________________________
UNITED STATES BANKRUPTCY JUDGE

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>John P. Fazzio III, Esq.<br>FAZZIO LAW<br>26 Broadway<br>21st Floor<br>New York, NY 10004<br>(201) 529-8024<br><br>Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br><br>*Proposed Counsel to the Debtor-in-Possession* | |
|---|---|
| In re:<br><br>DOREEN HOFFMAN,<br><br>Debtor-in-Possession. | Case No.: 8-18-72852-reg<br><br>Chapter 11<br><br>Judge: Hon. Robert E. Grossman |

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE AUGUST 21, 2018**

**TO: ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST DOREEN HOFFMAN :**

The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing **August 24, 2018** (the "**Bar Date**") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against DOREEN HOFFMAN (the " **Debtor**").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to April 26, 2018 (the "Filing Date"), the date on which the Debtor commenced his case under Chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to April 26, 2018 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2. WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; a case-specific proof of claim form accompanies this notice. Additional proof of claim forms may be obtained at www.uscourts.gov/bkforms

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

**Your proof of claim form must not contain** complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four

digits of such financial account).

**3. WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received on or before **August 24, 2018.**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (" **CM/ECF**") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the Court at the address provided below:

United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY 11722

A proof of claim will be deemed timely filed only when received by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

Except as provide for herein, all proofs of claim must be filed as to be received **on or before August 24, 2018** at the following address:

**IF DELIVERED BY HAND**:

United States Bankruptcy Court
Eastern District of New York
Conrad B. Duberstein U.S. Bankruptcy Courthouse
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201-1800

**OR**

United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse

290 Federal Plaza
Central Islip, NY 11722

**4. WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

(a) A person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b) A person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "**Schedules**") if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you do not agree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) A holder of a claim that has already been allowed in this case by order of the Court;

(d) A holder of a claim for which a specific deadline has previously fixed by this Court; or

(e) A holder of a claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the

Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believes that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before __________, 2018, the date of entry of the Bar Order, you must file a proof of claim based on such rejection or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM. WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF THAT CLAIM.

**7. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if you case is not described as "disputed", "contingent" or "unliquidated", you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the Bar Date in

accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722. Copies of the Debtors' Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below:

John P. Fazzio III, Esq.
FAZZIO LAW
26 Broadway
21st Floor
New York, NY 10004
(201) 529-8024

**If you are unsure about these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated: ______________, New York                **BY ORDER OF THE COURT**

______________, 2018

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION:

John P. Fazzio III, Esq.
FAZZIO LAW
26 Broadway
21st Floor
New York, NY 10004
(201) 529-8024