| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | |
|---|---|
| John P. Fazzio III, Esq.<br>Fazzio Law Offices<br>26 Broadway<br>21st Floor<br>New York, NY 10004<br>(201) 529-8024<br>*Proposed Counsel to the Debtor-in-Possession*<br><br>Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey 08540<br>(908) 704-8800<br>*Proposed Counsel to the Debtor-in-Possession* | |
| In re:<br><br>    DOREEN HOFFMAN,<br><br>               Debtor-in-Possession. | Case No.: 8-18-72852-reg<br><br>Chapter 11<br><br>Judge: Hon. Robert E. Grossman |

**SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF**
**DEBTOR'S APPLICATION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**OF FAZZIO LAW AS COUNSEL TO THE DEBTOR**
**AND IN SUPPORT OF**
**DEBTOR'S APPLICATION FOR**
**ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**OF MACIAG LAW LLC AS CO-COUNSEL TO THE DEBTOR**

Bankruptcy Code Section 327(a) provides in relevant part that a Debtor, "with the court's approval, ***may employ one or more attorneys,*** accountants, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

persons . . . ." [emphasis added]. The Debtor in the instant case filed on June 21, 2018 Applications to employ one or more attorneys, *i.e.*, the Fazzio Law firm (local New York counsel and the Maciag Law firm (experienced Chapter 11 counsel). Said Applications are on for hearing July 23, 2018.

For the reasons set forth below, it is respectfully submitted that in the event the Debtor is not able to modify her mortgage through the Loss Mitigation program, then the Debtor can file a feasible proposed Plan of Reorganization, based on her intention to "cure" her mortgage over the remaining life of her mortgage. The Debtor should accordingly be authorized to retain counsel Fazzio and Maciag, and to proceed with her Chapter 11 case in accord with such appropriate scheduling and case management orders as this Court might enter.

At the June 25, 2018 Status Conference in this case, questions were raised by the U.S. Trustee as to possible feasibility issues with the Debtor's anticipated filing of a Proposed Plan of Reorganization. That occurred when the Debtor, by and through her counsel, explained her intention to file a Plan providing for a cure of the arrearages in her residential Mortgage over the remaining life of the original mortgages, *i.e.*, to reinstate the Debtor's mortgage by way of the Debtor curing all arrears by the original termination date of the mortgage. The intent of this memorandum is to review applicable caselaw and Bankruptcy Code sections in regard to the feasibility of that intended approach by the Debtor in here effort to achieve a successful Reorganizaiton in this case.

The Code allows for reinstatement of a residential mortgage in Chapter 11, by curing all arrears by the original termination of the mortgage. A Class consisting of a secured creditor treated in this manner is deemed under the law to be unimpaired and thus is "conclusively presumed to have accepted the plan" [11 U.S.C.§1126(f) *]* if the Plan provides for payment of the Mortgage in full by its original due date, thereby "curing" and reinstating the Mortgage as a matter

of law under Code §1123(a)(5)(G), §1123(d), and §1124(2). A Class thus treated, being unimpaired, is conclusively presumed to have ACCEPTED the Plan, pursuant to code §1126(f):

> *"**1126(f).** Notwithstanding any other provision of this section, **a class that is not impaired** under a plan, and each holder of a claim or interest of such class, are **conclusively presumed to have accepted the plan**, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required."*
> [11 U.S.C. §1126(f), (emphasis added)]

Applicable caselaw has upheld the applicability of §1123(d) and §1124(2) as to what can deem a secured creditor to be "unimpaired: in a Chapter 11 reorganization case:

> Generally, a class is unimpaired if the legal, equitable and contractual rights of the class are left unaltered by the plan. However, 11 U.S.C. §1124(2) provides an exception to the general rule. *Section 1124(2) allows a debtor to alter the contractual rights of a class by reinstating the original maturity date of a claim* while still specifying the class as unimpaired. In order to take advantage of § 1124(2) and unimpair an otherwise impaired class, the plan must "cure" any defaults that have occurred. 11 U.S.C. § 1124(2).
> [*In re Schatz*, 426 B.R. 24, 26 (Bankr. D.N.H. 2009)]

Code Section 1124(2) must be read in pari materia with Code Section 1123(d), which recognizes that a valid method to "cure "a secured claim is to cure and reinstate said claim by paying off all arrears over the life of the Plan, including where the life of the Plan coincides with the original term of the Mortgage:

> *Section 1123(d) controls "cure" under a Chapter 11 plan when "cure" is to occur over the life of the Plan* . . . . . the effect of §1123(d) is to recognize that default has occurred, *but propose a "cure" of the default over the life of the Plan*, while reinstating the original maturity date and continuing payments at the contractual rate.

> \* \* \*
> Accordingly, the Court finds that the Debtor's Plan may "cure" and "reinstate" ICB's loans under § 1123(d) over the life of the plan.

[*In re Schatz*, supra, 426 B.R. at 26-27 (Bankr. D.N.H. 2009)(emphasis added)].

It is well-established that such a "cure" or "reinstatement" of a mortgage, including a primary residence mortgage, under code §1123(a)(5)(G), §1123(d) and §1124(2) by way of the Plan providing for payment of the Mortgage in full over the life of the Plan by the Mortgage's original due date, ***leaves that secured creditor unimpaired as a matter of law***, and thus leaves that secured creditor as "conclusively presumed to have accepted the plan" under 11 U.S.C. §1126(f).

> A debtor also may confirm its proposed plan of reorganization without the consent of its secured creditors under section 1124(2) of the Bankruptcy Code (the Reinstatement Statute ). The Reinstatement Statute permits a debtor to reinstate secured claims and retain the benefit of pre-default/prepetition contractual terms under certain circumstances. **A secured creditor whose claim is reinstated is deemed conclusively to have accepted a plan of reorganization and is denied the right to vote on plan confirmation**."
> [*Norton Journal of Bankruptcy Law and Practice*, Vol. 16, No. 4 (2007) at 462-3 *(emphases added)*]

The U.S. Second Circuit has also recognized the right of a Chapter 11 Debtor to cure mortgage arrearages over time, without being deemed to have impaired the secured creditor's claim:

> Having defined impairment in the broadest possible terms, Congress carved out a small exception to impairment in § 1124(2) providing that curing a default, even though it inevitably changes a contractual acceleration clause, does not thereby "impair" a creditor's claim. "The holder of a claim or interest who under the plan is restored to his original position, when others receive less or get nothing at all, is fortunate indeed and has no cause to complain." S.Rep.No.989, 95th Cong., 2d Sess. 120 (1978).

> Section 1124(2) merely takes away the creditor's right to vote in the event of cure; the authority to cure is found in § 1123(a)(5)(G)
> [*In re Taddeo*, 685 F. 2d 24, 28-29 (2nd Circ. 1982)]

Other Courts have also upheld the plain language of Code Section 1123(d) and Code Section 1124(2):

> Where a Chapter 11 plan provides for the cure of a default, reinstatement of the original terms of the loan, compensation for damages, and does not otherwise alter the rights of the mortgagee, the claim . . . is unimpaired.

[*In re Lennington*, 288 B.R. 802, 804 (Bankr. C.D. Ill. 2003), *citing 11 U.S.C.A. § 1124(2)*] **Accord**, *In re LaPorta*, 578 B.R. 792 (N.D. Ill., 2017), where the Bankruptcy Court in 2017 held:

> The parties . . . .agree that a debtor may through a Chapter 13 plan cure any default "within a reasonable time and maintain payments while the case is pending" for a mortgage loan in which the last payment is due after the date on which the final payment under the plan is due. See 11 U.S.C. § 1322(b)(5). They disagree, however, as to whether such cure, reinstatement and maintenance of a defaulted mortgage loan is permitted in Chapter 11 . . . . The court in *In re Lennington*, 288 B.R. 802 (Bankr. C.D. Ill. 2003), addressed this same issue and concluded that a Chapter 11 debtor, too, can cure a default in an Illinois home mortgage loan through installment payments under a Chapter 11 plan and reinstate the loan and that such cure is not an impermissible modification of the rights of the holder of that secured claim. *This court agrees.*

*[In re LaPorta*, 578 B.R. 792 (N.D. Ill., 2017] (emphasis added)

The Circuit Court in the case *In re Southeast Company*, 868 F.2d 335 (9th Circ., 1988) held:

> "We are instructed by Congress' intent that a creditor be treated as unimpaired so long as the reorganization plan returned the creditor to its original position: "The intervention of bankruptcy and the defaults represent a temporary crisis which the plan of reorganization is intended to clear away. The holder of a claim or interest who under the plan is restored to his original position,

> when others receive less or get nothing at all, is fortunate indeed
> and has no cause to complain."

[*In re Southeast Company, supra,* 868 F.2d at 338, citing the *Legislative History to 11 U.S.C. 1124(2)*]

Code Sections 1123(d) and 1124(2) accordingly allow a Debtor-in-Possession to cure any defaults by paying off the mortgage **by its original due date**, thus nullifying any consequences of such defaults and returning the parties to pre-default conditions. *Southland Corp. v. Toronto Dominion (In re Southland Corp.)*, 160 F.3d 1054, 1058 (5th Cir.1998). When a debt obligation is reinstated, a creditor is "thereby given the full benefit of his original bargain." *In re Gillette Assocs., Ltd.*, 101 B.R. 866, 875 (Bankr.N.D.Ohio 1989). See *In re Lennington*, *supra,* 288 B.R. 802, at 804 (Bankr. C.D. Ill. 2003).

Acknowledging that the "concepts of 'cure' and 'modification' are to be regarded as separate and distinct," the Court in *Lennington* noted that: ***"[c]ourts have long recognized the right of an individual Chapter 11 debtor to reinstate a residential mortgage and cure a pre-petition arrearage in installment payments through their plans of reorganization]*** " and "[§]1123(b)(5) did not abrogate a Chapter 11 debtor's right to cure a default and reinstate a home mortgage." *Lennington*, 288 B.R. at 805 (emphasis added).

The *Lennington* court also noted that Chapter 11 debtors may impair claims of their creditors, whether they be secured or unsecured, and that the only purpose for adding §1123(b)(5) was to prevent these debtors from "'modifying' the mortgagee's rights by bifurcating an undersecured residential mortgage into a secured claim and an unsecured claim, thereby stripping down the mortgage to the value of the house." *Lennington*, 288 B.R. at 804, 806.

*See* also 7 Collier on Bankruptcy ¶ 1124.03 (15th ed. Rev.) (explaining that the Bankruptcy Code "permits the plan to reinstate the original maturity of the claim or interest as it

existed before the default without impairing the claim or interest").

## **Conclusion**

For these reasons, it is respectfully submitted that in the event the Debtor is not able to modify her mortgage through the Loss Mitigation program, then the Debtor can file a feasible proposed Plan of Reorganization, based on her intention to "cure" her mortgage over the remaining life of her mortgage. The Debtor should accordingly be authorized to retain counsel and to proceed with her Chapter 11 case, in accord with such appropriate case management orders as this Court might enter.

                                          Respectfully submitted.

                                          MACIAG LAW, LLC

                                          /s/ Thaddeus R. Maciag
                                          Thaddeus R. Maciag, Esq.
Date: July 17, 2018                           *Proposed Co-Counsel to the Debtor*